UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SCOTT HARPER,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS, et al.,<br><br>        Defendant. | 1:22-cv-00253-JLT-EPG (PC)<br><br>ORDER DENYING IFP APPLICATION WITHOUT PREJUDICE<br><br>(ECF No. 7)<br><br>ORDER TO SUBMIT APPLICATION TO PROCEED *IN FORMA PAUPERIS* OR PAY FILING FEE WITHIN 30 DAYS |

    Plaintiff Jason Scott Harper is a state prisoner proceeding *pro se* in this civil rights action. (ECF No. 1). Because Plaintiff had not paid the $402.00 filing fee nor submitted an application to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915, the Court entered an order on March 7, 2022, directing Plaintiff to complete an IFP application or pay the filing fee within forty-five days. (ECF No. 3).

    On March 28, 2022, Plaintiff submitted an IFP application. (ECF No. 7). However, rather than signing on the provided space for applicants on the form, Plaintiff signed the section of the form that is to be completed by the CDCR officer at Plaintiff's prison, California Substance Abuse Treatment Facility, and that sets forth Plaintiff's available account balance and average monthly balance over the last six months. Accordingly, the Court will deny the IFP application without prejudice.

    As the form states, Plaintiff must sign in the space provided for applicants "for the court to consider [his] application." This section of the form serves the purposes of documenting

1

Plaintiff's attestation to filling out the form under penalty of perjury and authorizing Plaintiff's prison to provide a certified copy of his trust account statement and to collect money from that trust account to provide to the Clerk of Court for payments in accordance with § 1915(b)(2).

Relatedly, the Court notes that Plaintiff has signed his name with "Auth Rep." behind it and with the notation, "without prejudice/without recourse UCC 1-308." (ECF No. 7, p. 2) (capitalization omitted). The intended meaning of this is unclear. However, similar notation has been used by persons who consider themselves to be "sovereign citizens." *See United States v. Delatorre*, No. 03 CR 90, 2008 WL 312647, at *2 (N.D. Ill. Jan. 30, 2008) (noting sovereign citizen's use of the term "authorized representative of the corporate fiction-entity/debtor identified, as Fernando Delatorre" to refer to himself); *Joe Elton Mosley, LLC v. Walmart*, No. 3:20-CV-00184-MMD-WGC, 2020 WL 1846553, at *2 (D. Nev. Mar. 26, 2020), *report and recommendation adopted*, 2020 WL 1821307 (D. Nev. Apr. 10, 2020) (noting that a plaintiff's IFP application with UCC 1-308 inserted above plaintiff's name indicated "an adherence to the 'sovereign citizen' anti-government movement").

Generally, sovereign citizens disclaim any authority by government authorities over them based on the person's own purported sovereignty. *See Vazquez v. California Highway Patro*, No. 2:15-CV-756-JAM-EFB (PS), 2016 WL 232332, at *2 (E.D. Cal. Jan. 19, 2016) (explaining "sovereign citizen" ideology). To the extent that Plaintiff has filled out the IFP application in an attempt to assert any sovereign citizen ideology, he is advised that courts have uniformly rejected such arguments as completely meritless. *Mackey v. Bureau of Prisons*, No. 1:15-CV-1934-LJO-BAM, 2016 WL 3254037, at *1 (E.D. Cal. June 14, 2016) (noting that "[c]ourts across the country" have rejected sovereign citizen arguments "as frivolous, irrational, or unintelligible"). Moreover, "advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them." *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986).

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's IFP application (ECF No. 7) is denied without prejudice;
2. The Clerk of the Court is directed to provide Plaintiff with an Application to Proceed *In Forma Pauperis* by a Prisoner; and

3. Within thirty (30) days of the date of service of this order, Plaintiff shall submit the attached application to proceed *in forma pauperis*, completed and signed on the space provide for IFP applicants, or shall, in the alternative, pay the $402.00 filing fee for this action.

4. Plaintiff is advised to sign only his name and provide the date on the relevant section of the form.

5. No requests for extension will be granted without a showing of good cause. Failure to comply with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:  **March 29, 2022**                         /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE

3