UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SCOTT HARPER,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS, et al.,<br><br>Defendant. | Case No.   1:22-cv-00253-JLT-EPG<br><br>ORDER TO FILE AMENDED PLEADING<br><br>(ECF Nos. 1, 9) |

Plaintiff Jason Scott Harper is a state prisoner proceeding *pro se* and *in forma pauperis* in this action. (ECF Nos. 1, 11). Plaintiff has submitted two substantive filings in this case. The first is Plaintiff's February 28, 2022 "Petition for Writ of Mandate," which is thirty pages and generally accuses the respondents, which include prison entities and officials, of a host of constitutional violations. (ECF No. 1) (capitalization omitted). On March 21, 2022, Plaintiff filed a notice complaining about the docket categorizing this case as a 42 U.S.C. § 1983 civil rights action when Plaintiff intends for it be considered a mandamus action. (ECF No. 6). The second filing is Plaintiff's "Supplemental to Writ of Mandate," which is seven pages and seeks to add "Defendants" for aiding and abetting the deprivation of his civil rights and cites § 1983 and the Tom Bane Civil Rights Act (among other statutes) as a basis for a lawsuit, requesting, in part,

monetary damages.[1] (ECF No. 9).

Plaintiff's filing of a petition for writ of mandate and a supplement thereto alleging civil rights violations is contrary to Local Rule 220's requirements, which provides as follows: "Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with." To ensure that Plaintiff has the opportunity to fully present the factual and legal bases for this action, the Court will permit Plaintiff to file an amended pleading.

The Court advises Plaintiff of the following standards which might be pertinent to his amended pleading. To the extent Petitioner seeks mandamus relief in a future filing, this Court is limited to issuing writs of mandamus to "compel an officer or employee *of the United States* or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). "[I]t is well-established that the federal court cannot issue a writ of mandamus commanding action by a state or its agencies." *Staich v. California Bd. of Prisons Hearings*, No. CIV S-07-0171-MCE-CM, 2007 WL 397281, at *1 (E.D. Cal. Feb. 1, 2007), *report and recommendation adopted sub nom. Von Staich v. California Bd. of Prison Hearings*, 2007 WL 677093 (E.D. Cal. Mar. 1, 2007); *Edelbacher v. California Bd. of Parole Hearings*, No. 17-CV-04783-HSG (PR), 2017 WL 4340348, at *1 (N.D. Cal. Sept. 29, 2017) ("This Court lacks jurisdiction to compel action by California state agencies or officials pursuant to 28 U.S.C. § 1361. [Petitioner's] mandamus remedy, if any, lies in state court.").

The Court notes that Plaintiff, at least in his supplement, seeks more than mandamus relief. (*See* ECF No. 10 (alleging violation of Plaintiff's civil rights and citing § 1983)). Thus, contrary to Plaintiff's earlier filing stating that he sought only mandamus relief (ECF No. 6), his supplement evidences his desire to bring a civil suit, in part under § 1983, which "creates a private right of action against individuals who, acting under color of state law, violate federal

---

[1] Plaintiff refers to himself as "Petitioner/Plaintiff" in his supplement. For the sake of simplicity, the Court will refer to him as Plaintiff in this order.

constitutional or statutory rights." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012) (internal quotation mark omitted) (quoting *Devereaux v. Abbey*, 263 F.3d 1070, 107 (9th Cir. 2001)); *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life."). In Plaintiff's amended pleading, he should clearly indicate whether he intends to proceed with a mandamus action or a civil rights action.

Accordingly, IT IS ORDERED as follows:

1. The Clerk of Court is directed to send Plaintiff a § 1983 civil rights complaint form, which Plaintiff may use if he so chooses.
2. No later than May 20, 2022, Plaintiff shall file an amended pleading.
    a. Plaintiff shall caption the filing with a title clearly indicating the nature of the action, such as "Petition for Writ of Mandamus" or "Section 1983 Complaint" and refer to the case number 1:22-cv-00253-JLT-EPG.
    b. The amended pleading shall be confined to a single filing and may be no longer than 25 pages, including any attachments.
    c. Plaintiff is advised that an amended pleading supersedes his prior pleadings, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and must be complete in itself without reference to the prior or superseded pleadings, Local Rule 220.

IT IS SO ORDERED.

Dated:   **April 21, 2022**              /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE